UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | 2:04 CR 62 PPS |
| JOSEPH A. TRZECIAK, | ) ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is federal prisoner Joseph Trzeciak's motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. [DE 118.] Because Trzeciak filed the motion well outside of § 2255's one year statute of limitations, and because equity does not toll the limitations period, his motion is denied.

A jury convicted Trzeciak of being a felon in possession of a firearm and he was sentenced to 120 months in prison. Judgment was entered on February 7, 2006. The Seventh Circuit affirmed Trzeciak's conviction and sentence on February 23, 2007, and Trzeciak did not petition for a writ of certiorari to the United States Supreme Court. Then, on March 29, 2010 – over three years later – Trzeciak filed this § 2255 motion to vacate his conviction and sentence, alleging that was denied effective assistance of counsel at his jury trial, at sentencing, and on appeal, and his due process rights were violated.

A federal prisoner must file his § 2255 motion within one year from the date on which his judgment of conviction becomes final. 28 U.S.C. § 2255. A judgment becomes final for purposes of § 2255 when the time expires for filing an appeal contesting the conviction. *See*

*Clay v. United States*, 537 U.S. 522, 525 (2003). Here, the Seventh Circuit entered judgement denying Trzeciak's appeal on February 23, 2007. Because Trzeciak did not petition to the Supreme Court, his § 2255 clock began ticking on May 25, 2007 – or the date on which Trzeciak could no longer appeal his conviction to the Supreme Court. *See id*.; Sup. Ct. R. 13(1) (a writ of certiorari must be filed within 90 days of entry of judgment). Trzeciak's motion, filed March 29, 2010, is thus well outside § 2255's one year window.

Trzeciak argues that I should excuse his late filing because his attorneys abandoned him, and that he only learned that the Seventh Circuit affirmed his conviction "within the last few months." [DE 118 at 12 (§ 2255 Petition).] Trzeciak claims that his attorneys never told him that his appeal had been denied, [*id*. at 5], and would not communicate or cooperate with him at all, refusing to accept phone calls or respond to his letters, [DE 126 at 28 (Trzeciak Response)]. In fact, according to Trzeciak, "[i]t had been over four years since he received any correspondence from his appellate attorneys." [*Id*.] And because of his incarceration, Trzeciak claims he was unable to telephone "the claerk's [sic] office, attorney's office, or family" for information related to his appeal. [DE 118 at 12.] As a result, he did not know his appeal had been denied until he "[made] an inquiry about the status of his federal appeal" in January 2010. [DE 126 at 28.] He wrote to the clerk's office on March 5, 2010, and the clerk promptly responded with the news that the Seventh Circuit affirmed his conviction back on February 23, 2007. [*Id*.]

Equity may toll the limitations period for § 2255 motions. *See U.S. v. Nolan*, 358 F.3d 480, 484 (7th Cir. 2004). But to do so, a petitioner must demonstrate that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance out of his control

prevented timely filing. *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010); *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008). Equitable tolling "is an extraordinary remedy reserved for truly exceptional situations." *Nolan*, 358 F.3d at 486. And while a lawyer's "egregious behavior" satisfies the standard, "a garden variety claim of excusable neglect" does not warrant equitable tolling. *Holland*, 130 S.Ct. at 2563-64. Whether a particular situation justifies equitable tolling is a fact-specific, case-by-case determination. *Id*.

The *Holland* case cracks the door open a tiny a bit for prisoners seeking relief from a blown statute of limitations. In *Holland*, a habeas petitioner sought to overcome 28 U.S.C. § 2244's one year limitations bar based on equitable tolling because of his lawyer's actions. *See* 130 S.Ct. at 2564. The petitioner's attorney in *Holland* was, to say the least, a dud. According to the Court, the petitioner's attorney, among other things: failed to file the petitioner's 28 U.S.C. § 2254 petition on time, despite the petitioner's many detailed letters stressing the importance of doing so; failed to do the research necessary to determine the proper filing date, despite the petitioner's letters that identified the applicable legal rules; failed to timely inform the petitioner that his appeal had been denied (thus starting the one year clock), despite the petitioner's pleas for that information; and failed to communicate with the petitioner for years. *Id*. The Court suggested that the attorney's behavior may have been egregious enough to warrant equitable tolling, but remanded that determination to the lower courts. *Id*.

The Court did, however, reverse the district court's finding that the petitioner failed to exercise "reasonable diligence" in pursuing his rights. *Id*. at 2565. The Court stressed that the petitioner wrote his attorney numerous letters seeking information and direction regarding the statute of limitations. Not only did his lawyer seem to fail him, but so too did the system as a

whole. Holland repeatedly contacted the state courts, their clerks, and the Florida State Bar Association and sought to have his attorney removed from the case because of the attorney's inaction. *Id*. But he could not independently learn the status of his case because the state court would not communicate with him except through counsel. *Id*. at 2555-56. Moreover, the Court stressed that "the *very day* that Holland discovered that his AEDPA clock had expired due to [his attorney's] failings, Holland prepared his own habeas petition *pro se* and promptly filed it with the District Court." *Id*. at 2565 (emphasis in original).

This case is substantially different from *Holland*. First, unlike the petitioner in *Holland*, Trzeciak did not diligently pursue his rights. The district court entered judgment on February 7, 2006, and the Seventh Circuit affirmed Trzeciak's conviction and sentence on February 23, 2007. Trzeciak claims that during this period his attorneys ignored his letters, refused to communicate with him, and failed to inform him of the appeals court decision. But, aside from contacting his attorneys, Trzeciak presents no evidence demonstrating his diligence in determining the status of his appeal until after the limitations period had run. In fact, Trzeciak admits that he did not "make an inquiry" into the status of his direct appeal until January 2010 – almost four years after he filed his notice of appeal and over a year and a half after his § 2255 time ran out. *See Tucker*, 538 F.3d at 735 (equitable tolling inapplicable because petitioner "had the burden to demonstrate his own diligence in pursuing his claim, but failed to present any evidence in support of it.") (citations omitted).

Even if his attorneys ignored his requests for information and failed to inform him about his appeal, it was incumbent on Trzeciak to independently take steps to determine when his one year clock began, as the petitioner did in *Holland*. *See id*. at 734 ("[The petitioner] must also

show that he has diligently pursued his claim, despite the obstacle."). This is especially true because here, Trzeciak makes no claim that his appellate attorneys were helping with his § 2255 motion (indeed, he filed this motion *pro se)*, whereas in *Holland*, the petitioner's attorney was appointed for the express purpose of assisting with postconviction relief. In any event, the general rule is that "attorney negligence is not extraordinary and clients, even if incarcerated, must 'vigilantly oversee,' and ultimately bear responsibility for, their attorneys' actions or failures . . . . and, if necessary, take matters into their own hands." *Modrowski v. Mote*, 322 F.3d 965, 968 (7th Cir. 2003). So even if his appellate attorneys ignored his requests for information about his appeal, he should have diligently taken steps to determine when the § 2255 limitations period began – instead, he did nothing.[1] *See Montenegro v. United States*, 248 F.3d 585, 594 (7th Cir. 2001) (finding that petitioner failed to act diligently despite attorney's nonresponsiveness), *overruled on other grounds*, *Ashley v. United States*, 266 F.3d 671, 674-75 (7th Cir. 2001); *Mikel v. Superintendent*, 2010 WL 2732758, at *1-2 (N.D. Ind. July 8, 2010) (no equitable tolling where petitioner took no steps to learn the status of his appeal despite his attorney's failure to notify him of appellate action or commencement of limitations period); *Driver v. United States*, 2008 WL 111011, at *2 (N.D. Ind. Jan. 8, 2008) (same).

---

[1] This certainly does not excuse the attorneys' conduct if they indeed failed to timely inform Trzeciak that his appeal was denied. *See* Model Rules of Prof'l Conduct R. 1.4 (2010). With that said, the record undermines some of Trzeciak's accusations against his attorneys. Trzeciak states in his response brief that "[i]t had been over four years since he received any correspondence from his appellate attorneys," John Schlessinger and Beau Blakely. [DE 126 at 28.] But in a letter to the clerk's office in March 2010, filed three weeks before his § 2255 petition, Trzeciak stated that "Mr. Schlessinger said he must have sent my appeal other than where I was at." [DE 116.] Also, in an exhibit to his response brief, Trzeciak attached a letter from attorney Blakely dated March 11, 2008, which was a response to Trzeciak's letters and phone calls to his office. Clearly, Trzeciak has had some communication from his attorneys following his appeal.

This is important because, unlike the petitioner in *Holland*, who despite his best efforts was unable to attain information regarding his appeal, nothing prevented Trzeciak from determining the status of his appeal before the limitations period ran. Trzeciak claims that because of his incarceration, he was unable to call anyone to determine when the court of appeals affirmed his conviction. But Trzeciak admits that when he finally contacted the district court clerk's office on March 5, 2010, the clerk promptly sent him § 2255 forms and a copy of his docket sheet, which showed that the appeals court affirmed his conviction on February 23, 2007. Trzeciak provides no explanation as to why he could not have taken this action before the limitations bar ran. Thus, while Trzeciak was clearly capable of writing the district or appellate court clerks to determine the status of his appeal, he waited until March 2010 to do so – almost two years too late. *See Driver*, 2008 WL 111011, at *2 (no equitable tolling where petitioner "could have inquired of this court or the Seventh Circuit Court of Appeals as to the status of his appeal" but did not); *Griffin v. United States*, 2010 WL 2836273, at *4 (S.D. Ga. July 16, 2010) (petitioner failed to act with diligence where "despite counsel's unresponsiveness, [the petitioner] waited almost a year before seeking information directly from the circuit court regarding the status of his appeal.").

What's more, Trzeciak did not act with diligence upon learning that his appeal had been denied. Notably, Trzeciak is unclear (and inconsistent) in his briefing as to when he learned the status of his appeal. He claims in his § 2255 petition, which is dated March 22, 2010, that he learned that the Seventh Circuit affirmed his conviction "within the last month," [DE 118 at 5], but then later states it was actually "within the last few months," [DE 118 at 12]. But these conflict with his March 5, 2010 letter to the clerk, which stated that "I just only found out *six*

*months ago* that I lost [my] appeal." [DE 116] (emphasis added). By contrast, the petitioner in *Holland* filed his petition "the *very day* that Holland discovered that his AEDPA clock had expired." *Holland*, 130 S.Ct. 2565 (emphasis in original). Trzeciak cannot drag his feet then argue equitable tolling. *See Flight Attendants Against UAL Offset (FAAUO) v. Comm'r*, 165 F.3d 572, 576 (7th Cir. 1999) ("[A] party who wants to appeal to the doctrine of equitable tolling to excuse a late filing [must] show . . . that he tried diligently to file within the deadline or as soon afterwards as possible."); *see, e.g., Griffin*, 2010 WL 2836273, at *4 ("[A]fter finding out that his conviction had become final at least a year earlier, [the petitioner] . . . wait[ed] five months to submit his claims and request equitable tolling. Such dilatory behavior cannot qualify one for equitable tolling."). For these reasons, Trzeciak failed to exercise reasonable diligence in pursing his rights.

Additionally, extraordinary circumstances outside of his control did not prevent Trzeciak from timely filing his § 2255 petition. First, the fact of a prisoner's incarceration is not an extraordinary circumstance justifying equitable tolling. *Johnson v. McCaughtry*, 265 F.3d 559, 566 (7th Cir. 2001). In any event, as demonstrated above, unlike the petitioner in *Holland*, Trzeciak could easily have determined the status of his appeal and timely filed his § 2255 petition, notwithstanding his appellate attorneys' alleged failure to communicate. Under these circumstances, the appellate attorneys' failure to alert Trzeciak that his appeal had been affirmed is a "garden variety" attorney error, rather than an extraordinary circumstance warranting equitable relief. *See, e.g., Mikel*, 2010 WL 2732758, at *1 (holding that attorney's failure to timely notify petitioner of appellate opinion "presents the type of 'garden variety' attorney negligence that would not warrant tolling"); *Stevens v. United States*, 2010 WL 3447900, at *2

(S.D.N.Y. Sept. 1, 2010) (same); *see also Montenegro*, 248 F.3d at 594 (attorney's nonresponsiveness, prisoner's ignorance of the law, and prisoner's transfer are not extraordinary circumstances tolling § 2255's limitations bar). Therefore, equitable tolling will not save Trzeciak's untimely § 2255 motion.

Because I am denying Trzeciak's § 2255 motion, pursuant to Rule 11 of the Rules Governing § 2255 Proceedings, I must issue or deny a certificate of appealability ("COA"). Rule 11(a), Rules Governing Section 2255 Proceedings. In order to issue a COA where the petition was dismissed on procedural grounds without addressing the underlying constitutional claim, I must find: (1) that reasonable jurists would find it debatable whether the procedural ruling was correct and (2) that reasonable jurists would find it debatable whether the petition states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). This is a threshold inquiry, so I need only address one component if that showing will resolve the issue. *Id*. at 485. And I am mindful that courts should resolve procedural issues first if their resolution will avoid the need to address constitutional questions. *Id*.

Here, reasonable jurists would agree that equitable tolling does not excuse Trzeciak's untimely § 2255 motion. As discussed above, Trzeciak has failed to pursue his rights diligently, and he has not presented any extraordinary circumstances justifying equitable relief. The facts in *Holland* are materially different from those here. Thus, I decline to issue a certificate of appealability. If Trzeciak wishes to appeal this Opinion and Order, he must seek a certificate of appealability from the Court of Appeals under Federal Rule of Appellate Procedure 22.

For the foregoing reasons, Trzeciak's § 2255 motion is **DENIED** and **DISMISSED** with prejudice. [DE 118.] I **DECLINE** to issue a certificate of appealability. The clerk shall enter

final judgment accordingly.

**SO ORDERED**.

ENTERED: October 26, 2010.

               s/ Philip P. Simon
               PHILIP P. SIMON, CHIEF JUDGE
               UNITED STATES DISTRICT COURT

.